# GOLDBERG WEG & MARKUS PLLC

122 West 27th Street - 11th Floor
New York, New York 10001
Tel: 212-697-3250

September 17, 2019

**By ECF**
The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Wolhendler v. Goldberg, et al., 19 Civ. 0457 (WFK) (CLP)
           Opposition to *Pro Se* Plaintiff's Request to Amend Complaint and Engage
           in Discovery While Defendants' Motions to Dismiss Civil RICO Lawsuit

Dear Judge Kuntz,

      The undersigned is appearing for Defendants Goldberg Weg & Markus PLLC and Israel Goldberg, Esq. *Pro Se* in the subject *pro se* civil RICO lawsuit.

      This letter is submitted in response to Plaintiff Joseph Wolhendler's recent letter to the Court dated September 10, 2019, (Dkt. 49), seeking an order permitting amendment of the complaint and for discovery. We join in opposition to Plaintiff's requests, (*see*, *e.g.*, Dkt. 50 and 52), and provide some further context for Defendants' opposition below.

      First, Mr. Wholhendler, as a party to the several currently pending State Court actions that assert claims intertwined with allegations in this action, is privy to documents, affirmations and pleadings. Notwithstanding the documents available to him, in his current request for "discovery," (Dkt. 49 and 51), Plaintiff has not identified what class or nature of documents he requires to correct his admittedly deficient pleadings in his pending RICO action. Moreover, since April 1, 2019, when I (prematurely) filed a comprehensive motion to dismiss his lawsuit (See Dkt. 28), Mr. Wolhendler has been aware of principal arguments setting out the lack of merit of his RICO complaint.

      Second, relying unfairly on his *Pro Se* status, [1] Mr. Wholhendler, now requests that the Court permit him to engage in a fishing expedition to correct acknowledged procedural deficiencies in his pleading.  Plaintiff also tells the Court that he is not represented by counsel in the active State Court cases dealing with the issues Plaintiff seeks to federalize in the case at bar.

---

[1] Mr. Wolhender is not the *Pro Se* novice that he would like this to believe he is.  He has been involved, as a *Pro Se* Plaintiff, in prior and recent cases (See, Wolhendler v. Romano E.D.N.Y., 94-CV-3388; E.D.N.Y., 96-CV-1343; M.S. Ex Rel. Wolhendler v. The Mount Sinai Medical Center, Inc. E.D.N.Y., 12-cv-00051 and most recently Mayer Chaim Brikman, Rivkah Brikman and Joseph Wolhendler v Twitter, Inc. and Rabbi Yehosuha S. Hecht 19 Civ. -5143 (WFK) (CLP)). Mr. Wolhendler is an experienced litigator.

The representations of his attorney in State Court refute Plaintiff's assertion he now makes to this Court.[2]

Against this background, in his recent requests for discovery and leave to amend his complaint, (Dkt. 49 and 51), Mr. Wolhendler engages in inappropriate name-calling and badmouthing, but he does not explain what procedural deficiencies need to be corrected and what items of discovery are required to address those purported deficiencies. Curiously, he also maintains that he "has pleaded enough factual content to survive a motion to dismiss," but still seeks discovery so that he can "plead the facts with more specificity." (Dkt. 51.)

The undersigned respectfully disagrees with the premise advanced by Plaintiff for unnecessary discovery or leave to amend his civil RICO claim. As I have argued in pre-motion letters to the Court, and as articulated more fully in my (premature) motion earlier this year (Dkt. 28), the Complaint fails for any number of reasons, including (1) its failure to allege any individual civil RICO claim, (2) Plaintiff's lack of standing because he cannot file this action derivatively, and (3) its failure to state any damages. Even taking every allegation averred by Plaintiff as true, the Complaint fails to state a cause of action. (See, e.g., Dkt. 28, 50, 52.) Allowing Mr. Wolhendler to amend his complaint or engage in an unnecessary fishing expedition, will not change the trajectory of this case: dismissal is warranted because his civil RICO claims lack merit.

Mr. Wolhendler is a frequent-filing *pro se* litigant, and his request for "limited discovery" is clearly designed to harass those who oppose his agenda. The lack of merit of the allegations averred in the complaint support that Plaintiff has filed this civil RICO as a tool to chill counsel from representing his clients' position in the pending State Court cases. This latest effort follows that tactic. Accordingly, we ask that the Court reject his requests for "discovery" or leave to amend his complaint.

I thank the Court for its consideration.

Respectfully Submitted,

/s/
Israel Goldberg, Esq. (IG 9319)

Cc: ECF all parties named in proceeding via regular mail
    to Plaintiff

---

[2] Plaintiff's comment in his letter of September 12, 2019 that that "I don't have attorney's" (see par 3a of Plaintiff's 9-12-19 letter), is contradicted by the facts. In the case captioned Gabil Akbarov et al v. Wayne Butler et al Supreme Court Kings County Index no.: 520908/2018, Yisroel Schulman, Esq. appearing as counsel for Plaintiff, filed an Amended Complaint on November 19, 2018. In the amended pleading verified by Yisroel Schulman, Esq. verifies that the allegations in the Amended Verified Complaint are made on behalf of 22 persons including Plaintiff Wolhendler "derivatively as members of Kneses Israel of Sea-Gate".